THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT WASHINGTON, Appellant.

First Department, June 3, 1980

---

### APPEARANCES OF COUNSEL

*Albert Washington,* appellant *pro se.*

*Allen Alpert* of counsel *(Robert M. Morgenthau, District Attorney,* attorney), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

This is a motion for an order amending this court's affirmance without opinion on July 12, 1977 (58 AD2d 1043) of defendant's conviction, so as to state that seven specified claims of Federal constitutional deprivation were considered and rejected by this court.

An increasing number of applications has recently been made to us in criminal cases to state, either by way of amending the remittitur or otherwise, that particular contentions have been made to us and rejected. The most usual reason stated for such applications is to lay a foundation for Federal habeas corpus relief by showing that the defendant in the case before us, the prospective petitioner for habeas corpus in the Federal court, has exhausted State remedies. But as appears in the leading case on the subject, *Johnson v Metz* (609 F2d 1052), this is normally determined by the Federal court on an examination by the Federal court of the briefs in our court to ascertain whether the Federal constitutional claim now asserted was raised in our court. Our attention has been called to no requirement either by statute, rule or decision, that the State court certify that particular questions have been raised and passed upon. A request for such a certification, made long after the decision by our court, imposes an unwarrantable and unnecessary burden on the court. The present request is made almost three years after this court's decision affirming the conviction. Two of the four Judges who sat on the appeal are no longer on the bench. We each have had occasion to consider literally thousands of appeals since our decision of affirmance in this case. The briefs in this case and the two companion cases ran to almost 400 pages; the trial transcript ran to over 8,600 pages. Furthermore, although each member of the court voted to affirm, different members may have done so with respect to particular points for different reasons, e.g., that the point was without merit, or was not properly raised either at the trial level or in our court, or that, in any event, the point was not sufficiently significant for decision of it to be prejudicial, or for any combination of those reasons. Further, as to some points, it would require a study of the briefs and record to determine whether the precise point as stated was presented to this court. And when all this is done, it would still appear that the Federal court would not be bound by our certification.

At a minimum, even assuming such an application to be necessary, it should be made promptly. In the present case it hardly matters where we draw the line as to timeliness; 2 years and 10 months after our decision of affirmance is surely not timely.

An application to amend or clarify a remittitur or decision is a kind of motion for reargument; under our rules motions for reargument must be made within 30 days after the appeal has been decided by this court. (Rules of App Div, 1st Dept, § 600.14, subd [a], 22 NYCRR 600.14 [a].) However, in view of our status as an intermediate appellate court, the question of exhaustion of State remedies may not become either practical or apparent until after it is clear whether the Court of Appeals will review or be called upon to review our decision.

Accordingly, in the future any applications in criminal cases for a statement by this court that particular contentions were presented to and rejected by this court (a) must demonstrate the necessity for such a statement by this court, and (b) except for good cause shown, must be made within 30 days after denial of leave to appeal to the Court of Appeals from our order determining the original appeal, *or if no such application for leave is made then within* 30 days after the expiration of time to apply for such leave.

The motion should be denied as unnecessary and untimely.

KUPFERMAN, J. P., BIRNS, SILVERMAN and CARRO, JJ., concur.

Motion to amend the order of this court denied, as unnecessary and untimely.